IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| THOMAS ALSTON<br>10012 Cedar Hollow Ln<br>Largo, MD 20774 | * * * * | |
| Plaintiff | * * | |
| vs | * * | Case No. _____ |
| FIA Card Services N.A. ("FIA CSNA")<br>1100 N. King Street<br>Wilmington, DE 19884-0781<br>**Serve:** Bruce L Hammonds | * * * * | |
| Defendant | * | |

## COMPLAINT

Plaintiff, Thomas Alston, individually, hereby sues Defendant, FIA CSNA, Inc.; and alleges:

### PRELIMINARY STATEMENT

1. This is an action for damages for violations of the Fair Debt Collection Practices Act (FDCPA) USC § 1692 et seq. and the Fair Credit Reporting Act (FCRA) 15 USC § 1681 *et seq.*

### JURISDICTION AND VENUE

2. This jurisdiction of this Court arises under 15 U.S.C. §1681p.

### FACTUAL ALLEGATIONS

3. Venue is proper in this District pursuant to 28 U.S.C. §1391b. Venue in this District is proper in that the Plaintiff resides here, the Defendants transact business here, and the conduct complained of occurred here.

4. During the month of June 2011 Defendant initiated a soft pull of Plaintiff's credit report from Transunion without a permissible purpose.

5. On August 16, 2011 at or about 12:11pm Daisy Walter, an employee of Transunion, advised Plaintiff that FIA Card Services did pull the Plaintiff's credit report in June 2011.

6. At or about 12:30pm EST on August 16, 2011 during a phone conversation, a

representative of the Defendant named Melissa acknowledged that Plaintiff does not have a current account with the Defendant.

7. Plaintiff did not receive any offer of credit from Defendant.

8. Upon information and belief Defendant did not make a firm offer of credit to the Plaintiff.

## COUNT 1
### VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681
### WILLFUL NON-COMPLIANCE BY DEFENDANT FIA CSNA

9. Paragraphs 1 through 8 are re-alleged as though fully set forth therein.

10. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

11. FIA CSNA is a furnisher of information within the meaning of the FCRA, 15 U.S.C §1681s-2.

12. FIA CSNA violated the FCRA. Defendant's violations include, but are not limited to, the following:

(a) FIA CSNA willfully violated 15 U.S.C. §1681b(f) by obtaining Plaintiff's consumer report without a permissible purpose as defined by U.S.C. §1681b.

13. As a proximate result of Defendants' actions, Plaintiff has mildly suffered from humiliation, irritation and mental anguish.

**WHEREFORE**, Plaintiff demands judgment for damages against FIA CSNA for actual and/or statutory damages, and costs, pursuant to 15 U.S.C. §1681n.

## COUNT 2
### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692

14. Paragraphs 1 through 13 are re-alleged as though fully set forth herein.

15. FIA CSNA violated 15 U.S.C. §1692e(10) by falsely and/or deceptively representing to Transunion that it had a permissible purpose to obtain the Plaintiff's credit report.

16. As a proximate result of Defendant's actions, Plaintiff has suffered slight mental anguish. Defendant's actions and refusal to resolve this matter nonjudicially has caused Plaintiff pecuniary damages and great stress.

**WHEREFORE,** Plaintiff demands judgment for damages against FIA CSNA for actual damages, statutory damages, and costs, pursuant to 15 U.S.C §1692k(1),(2)(A).

## CONCLUSION

Defendant FIA CSNA is liable to the Plaintiff for violating both the Federal Debt Collection Practices Act and the Fair Credit Reporting Act. As a proximate result of Defendant's violations the Plaintiff has suffered emotionally and mentally and is entitled to appropriate relief.

**WHEREFORE**, Plaintiff prays that this Court will enter an Order:

a. Awarding Plaintiff $2,000 in statutory damages;

b. Awarding Plaintiff $1,000 in actual damages;

c. Any fees and costs; and

d. Affording any other relief deemed appropriate by the Court.

Dated: December 19, 2011

Respectfully Submitted

By: _____
Thomas Alston
Pro Se, Plaintiff
10012 Cedar Hollow Ln
Largo, MD 20774
(240) 432-0927